## THE AMERICAN EXPRESS COMPANY

### v.

### OTTO WETTSTEIN.

*Carriers—Express Companies—" C. O. D."—Failure to Deliver or Notify Consignor—Loss by Fire—Liability of Company.*

1. An express company receiving a package for transportation " C. O. D." is bound to transmit it to its destination, tender it within a reasonable time to the consignee and demand payment; and in case of non-acceptance and non-payment it is the duty of the company to notify the consignor.

2. The neglect by an express company to deliver a package and collect the amount required thereon, and to notify the consignor of such failure, for an entire week, will render the company liable as to the consignor in case of loss by fire.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Ogle County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. O'BRIEN & O'BRIEN, for appellant.

American Ex. Co. v. Wettstein.

When a carrier receives goods with instructions to collect the price for which they are sold, before delivery, and carries them to their destination, upon their being tendered to the consignee, if the latter, no matter for what reason, defers the payment and acceptance, the carrier must retain them a reasonable time to enable the consignee to prepare to receive them, and if he does not he will be liable to an action by the consignee. But he will hold the goods in the character of warehouseman. Hutchinson on Carriers, § 392; The Great Western Ry. Co. v. Crouch, 3 Hurl. & N. 183; nor is the carrier bound to offer the goods more than once. Starr v. Crowley, McClel. & Y. 129.

Where the carrier tenders the goods to the consignee, and he refuses to receive them, or where they are refused at the consignee's residence, or where the carrier has done all that the law requires of him toward accomplishing a delivery and from any cause fails to effect it, and the goods are of necessity continued in his possession, he from that time becomes responsible only as a depositary or involuntary bailee, and bound only to the exercise of reasonable care. Heugh v. London and Northwestern Railway Company, 5 L. R. Exch. 51; Hutchinson on Carriers, § 351, 356.

A formal tender is not required. Young v. Smith, 3 Dana, 91.

The consignee may, by his acts and conduct, as well as by formal writing, waive a complete delivery. Schouler on Bailments, § 508; Moses v. Boston and Maine R. R., 32 N. H. 523.

Any reasonable arrangement between the carrier and consignee as to the mode of delivery will be binding on the consignor, and the carrier exonerated. 2 Redfield on Railways, page 90, § 26.

In the Adams Express Company v. McConnell, 27 Kan. 238, it is said: "If the express company failed to notify the consignee of the arrival of the goods, inasmuch as he knew of their arrival, and refused to receive them, the failure did not work any damage." See also Flumer v. Buffalo, etc., R. R. Co., 44 N. Y. 510, 511.

When there is a delay on the part of the consignee in accepting and paying for the goods, or an absolute refusal to accept them, it is not, as the jury were told in the first instruction given for the appellee, the duty of the carrier, as a matter of law, to notify the consignor, in order that the carrier may be relieved of the duty of a common carrier. Kremer v. Southern Ex. Co., 6 Caldwell (Tenn.), 356; Hudson v. Baxendale, 2 Hurl. & N. 575; 2 Redfield on Railways, 25, 46, 87, 90, 92; Smith's Lead. Cas. 258 (8th Amer. Ed., 1885); Steamboat Keystone v. Mories, 28 Mo. 243; Fisk v. Newton, 1 Den. 45; Mayell v. Potter, 2 Johns. Cas. 371; Weed v. Barney, 45 N. Y. 347; Marshall v. Amer. Exp. Co., 7 .Wis. 1; Fenner v. Buffalo, etc., R. R. Co., 44 N. Y. 510; Neal v. R. R. Co., 8 Jones (N. C.), 484; Ostrander v. Brown, 15 Johns. 39; Angell on Carriers, 291, 295; Witbeck v. Holland, 45 N. Y. 13; F.anders on Shipping, 276; Heugh v. London, etc., R. R. Co., 5 L. R. 51; Adams Ex. Co. v. McConnell, 27 Kan. 238; Wilson v. Royal Exchange Shipping Co., 24 Fed. Rep. 815; Redfield on Carriers and Other Bailees, 118, 302; Schouler on Bailments, §§ 500, 507, note 2; Adams Ex. Co. v. Darnell, 31 Ind. 22, 23; Roth v. Buffalo, etc., R. R. Co., 34 N. Y. 548; Young v. Smith, 3 Dana, 91; Richardson v. Goddard, 23 How. 40; Amer. Ex. Co. v. Hackett, 30 Ind. 252, 253.

Messrs. HATHAWAY & BAXTER, for appellee.

UPTON, J.   This action was commenced before a justice of the peace, by appellee against appellant as a common carrier, to recover the value of a package of goods delivered by appellee to the appellant at Rochelle, Illinois, on the 1st of July, 1887, to be forwarded by the appellant to one Mrs. Sires, at Hurley, Wisconsin, with instructions to the carrier to deliver the same upon the payment of the sum of $80.

The package was a box about two feet square, and contained three dinner castors, four or five pickle castors, four or five dozen knives and forks, and was addressed "Mrs. M. A. Sires, Hurley, Wisconsin, C. O. D. $80," on outside top of the box.   At the time of the delivery of this package to appellant, and with the same, was delivered a bill, specifying each

article contained in the package, in an open envelope left with the agent of appellant at Rochelle to be forwarded with the box.

This package, so received, was carried by appellant as consigned, and arrived at its destination (Hurley) about July 2, 1887, no notice being given of its arrival to the consignee, Mrs. Sires, until July 4, 1887, on which last named day she requested appellant's agent to hold the goods for a short time until her hotel, then in process of erection, should be completed.

The appellant made no demand on the consignee for the payment of the said sum of $80 and appellant held the said package at the request of Mrs. Sires, consignee, without notice to appellee, the consignor, until the 9th day of July of the same year, when the same was destroyed by fire, while in appellant's possession.

It was stipulated among other things on the trial in the court below, "that the appellant was not in any manner liable for the origin of the fire," and "that the usual time for transmitting a letter by mail from Hurley, Wisconsin, to Rochelle, Illinois, was not longer than two days," and "that the appellant did not notify the appellee that the consignee had neglected to take and pay for said property in said package, on notice of its arrival," and "that the value of the property in question was the sum of $80."

The appellee claims that appellant was guilty of such negligence in failing to demand payment of Mrs. Sires of the said sum of $80, and in neglecting to tender the goods to the consignee, Mrs. Sires, and in neglecting to notify appellee that the goods were being held by the appellant at the request of said consignee, and failing to notify appellee that appellant had not delivered the same, that it became liable to appellee for the value thereof, $80.

In the justice court a judgment was obtained from which an appeal was taken to the Circuit Court of Ogle County, where the cause was heard by a jury and a verdict given for appellee, a judgment being rendered thereon. The case is brought to this court on appeal to reverse that judgment.

The contention is, whether, under the evidence in this case, the appellant carrier receiving the goods C. O. D. (which means, as shown by the evidence, "collect on delivery"), was bound upon the arrival thereof at the place of destination in apt time, to tender the same to the consignee, demand the amount of the bill accompanying the shipment, and in case of non-acceptance or non-payment, to notify in apt time the shipper or consignor?

Great industry is manifested on the part of counsel on both sides in the citations made of adjudications of kindred questions in England and the courts of last resort in the several States of this Union, as well as from the text-books of authors of acknowledged ability and accurateness, but, in the view we take of this case, it will not be necessary for us to examine to any considerable extent the authorities cited.

Whatever may be the rule of law elsewhere, we regard it as settled in this State, so far as the questions involved in the case at bar are concerned, in the case of Am. Merchants Union Ex. Co. v. Wolf, 79 Illinois, 430. In that case it was held that an express company is not only required as a common carrier to transport the goods received by it for shipment to the place of destination thereof, but the further duty is enjoined upon it to deliver the goods to the consignee at his place of residence or business, and when directions are given to that effect by the consignor, it becomes the further duty of the express company to collect the price for which the goods were sold by the consignor to the consignee, and return the money to the consignor, and where goods transported by an express company are tendered by it to the consignee, and he fails to receive and pay for the same, it is the duty of such express company to notify the consignor of the goods, and when this is done, it is relieved from its responsibility as a common carrier, and holds the goods subject to the order of the consignor, but not before.

In that case it is further held that an express company can discharge itself from responsibility as a common carrier in no other way than by an actual delivery of the goods to the proper person at his residence or place of business, except by

showing that it has been excused from so doing, or prevented by the act of God or the public enemy.  If we do not wholly misapprehend that case it must be held decisive of the case at bar.

The instructions of the court were in accord with the rule established in the case above referred to, and we think that the evidence in this case shows such misconduct and neglect of duty on the part of the express company as to render it liable in this action, and that the jury properly so found.

We hold the law to be that the liability of an express company as a common carrier, at least in this State, is not to be measured by that of common carriers in general.  The doctrine applied to railways and transportation companies in general, is well settled, that when goods arrive at their destination, if the consignee is not ready to receive them, it is the right of such company to store the goods in a safe warehouse, and there hold for consignee until called for, and that ordinarily no notice is required to be given of the arrival of the goods to consignee or consignor.

But this doctrine, and more of a kindred character, has no application to the duties and obligations of an express company.  Baldwin v. The American Ex. Co., 23 Ill. 197.

We further hold that in the case at bar it was the duty of appellant, upon receipt of the package containing the goods in question, consigned as before stated and marked "C. O. D. $80," to have delivered such package or have offered to deliver the same to the consignee in person or at her place of business, within a reasonable time after receipt thereof at the place of destination, and to have then collected the amount as indicated, the $80, and transmitted the same to the consignor at Rochelle, Ill., or have offered to deliver the same to consignee in person or at her place of business, and if not accepted and paid for in apt time, to have notified consignor of that fact, and held the goods subject to his order, and that the holding the goods from the 2d or 3d day of July, 1887, to the 9th day of the same month, without actual delivery or offer of delivery, and without collecting the amount ordered to be collected, and in not notifying consignor of the non-delivery of said goods, or

the non-payment of the charges thereon, or of the refusal of the consignee to accept and pay for said goods, until after the 9th of July, when the same were destroyed by fire, was such unreasonable delay and negligence on the part of appellant, as to render it liable in this action for the value of said goods; and finding no error in the judgment of the court below, the same is affirmed.

*Judgment affirmed.*